## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DARIAN ELKINS,** § | | |
|     **PLAINTIFF** § | | |
| § | | |
| **VS.** § | **CIVIL ACTION NO.** 5:23-cv-01433 | |
| § | | |
| **CHARGER LOGISTICS USA, INC.** § | | |
| **AND OBAIDA ABDULLAH** § | | |
| § | | |
|     **DEFENDANTS** § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES PLAINTIFF **DARIAN ELKINS**, hereinafter referred to as Plaintiff and files this Original Complaint against **CHARGER LOGISTICS USA, INC. and OBAIDA ABDULLAH** and respectfully shows the Court the following:

### PARTIES

1. Plaintiff **DARIAN ELKINS** ("Plaintiff") resides and is domiciled in Texas at 808 Calabria, Cibolo, TX 78108.

2. Defendant **CHARGER LOGISTICS USA, INC.** ("Defendant Charger Logistics") is a foreign, for-profit, corporation organized in the State of Indiana and doing business in the State of Texas. Defendant Charger Logistics may be served with process via its registered agent, Incorporating Services, Ltd., 3610-2 N. Josey, Ste. 223, Carrollton, Texas 75007, or wherever found.

3. Defendant **OBAIDI ABDULLAH** ("Defendant Abdullah") is an individual residing and domiciled in Michigan who may be served by private process at Defendant's residence 7507 Woodmont Ave, Detroit, MI 48228, or wherever Defendant may be found.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). All parties are citizens of different states and the amount in controversy exceeds $75,001.00, exclusive of interest and costs.

5. Venue in the Western District is proper because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas, which is located within this federal district.

## FACTS

6. On or about September 7, 2022, Plaintiff was traveling along the IH-35 access road in the outside lane, attempting to make a left-hand turn.

7. Defendant Abdullah was operating a 2023 Freightliner tractor, hauling a 2022 Freightliner Cascadia 113 while in the course and scope of his employment with Defendant Charger Logistics.

8. Defendant Abdullah, traveling in the same direction of Plaintiff, also attempted a left turn in the inside lane. While doing so, Defendant Abdullah crashed into the driver's side of Plaintiff's vehicle.

9. Because of the crash, Plaintiff suffered lasting injuries to her head, brain, right shoulder, right knee, right leg, chest, low back, and neck. Plaintiff does not seek damages for injury to any parts of her body other than those identified in this paragraph.

10. Defendants committed acts of negligence and carelessness which were a proximate cause of the injuries and damages to Plaintiff.

## AGENCY AND RESPONDEAT SUPERIOR

11. At all relevant times Charger Logistics was an interstate motor carrier with DOT

number 1715101.

12. At all relevant times Abdullah was Charger Logistics's statutory or actual employee and was within the course and scope of his employment or official duties for Charger Logistics and was in furtherance of the duties of his office or employment with Charger Logistics.

13. At all relevant times Abdullah was a permissive user of Charger Logistics's vehicle.

14. As Abdullah's employer, Charger Logistics is responsible for the negligent acts or omissions of its driver under the principles of *respondeat superior*.

## NEGLIGENCE CLAIMS AGAINST DEFENDANTS

15. Defendants owed Plaintiff duties to conduct themselves consistent with the traffic laws of the State of Texas and the United States and to act as a reasonably prudent driver and/or interstate motor carrier would act.

### A. Abdullah's negligence.

16. Abdullah breached his duties to Plaintiff and acted in a manner that was negligent and grossly negligent by engaging in wrongful conduct including, but not limited to:

   a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances.
   b. Failing to control speed.
   c. Failing to pay proper attention.
   d. Failing to take timely or proper evasive action to avoid the collision in question; and
   e. Failing to control the subject vehicle so that a collision would not occur.
   f. Failing to timely apply brakes.
   g. Failing to drive as a reasonable and prudent motor carrier driver would drive.

### B. Charger Logistics' negligent and grossly negligent entrustment

17. Charger Logistics entrusted a motor vehicle to Abdullah when Abdullah was not competent to safely operate a commercial motor vehicle on the public roads in this state.

   a. Charger Logistics had a duty to ensure the driver of its commercial motor vehicle was competent and fit to drive.

   b. Charger Logistics breached that duty because it knew, or under the exercise of reasonable care should have known, that Abdullah was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public roads in this state.

18. Charger Logistics' entrustment was both negligent and grossly negligent.

### C. Charger Logistics' negligent and grossly negligent hiring, qualification, training, supervision, and retention of Abdullah.

19. Charger Logistics had duties to exercise ordinary care in hiring, qualifying, training, and supervising Abdullah.

20. On information and belief, Charger Logistics breached these duties by failing to make reasonable efforts to check that Abdullah knew how to safely make left turns at each stage of the employment process (hiring, qualification, training, supervision, and retention). Plaintiff's information and belief is based on the facts of the crash; a properly hired, qualified, trained, retained, and supervised commercial driver would not have crashed into another car while attempting a left turn.

21. Charger Logistics's breaches of its duties constitute negligence and gross negligence.

    **D.**    **Causation**

22. Each of Defendants' acts and omissions described in ¶¶ 14-21, singularly or in combination with others, constituted negligence and gross negligence that proximately caused the occurrence made the basis of this action, and the personal injuries and damages Plaintiff sustained.

23. Defendants' negligence and gross negligence proximately caused Plaintiff damages far more than this Court's minimum jurisdictional limits.

## JUDGMENT INTEREST

24. Plaintiff is entitled to pre-judgment and post-judgment interest and costs of Court.

## PLAINTIFF'S DAMAGES

25. Plaintiff sustained the following damages as a direct and proximate result of Defendants' negligence:

    a.    Physical pain and suffering in the past.

    b.    Physical pain and suffering in the future.

    c.    Mental anguish in the past.

    d.    Mental anguish in the future.

    e.    Physical impairment in the past.

    f.    Physical impairment in the future.

    g.    Medical expenses in the past.

    h.    Medical expenses in the future.

    i.    Loss of earning capacity in the past.

    j.    Loss of earning capacity in the future.

## PRAYER

Plaintiff requests that Defendants be cited to appear and answer, and that, after trial, Plaintiff have judgment against Defendants jointly and severally for:

1. Plaintiff's damages.

2. Cost of court.

3. Pre- and post-judgment interest.

4. Such other relief to which Plaintiff may be entitled.

        Respectfully submitted,

**BRYLAK & ASSOCIATES, L.L.C.**
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Tel: (210) 733-5533
Fax: (210) 558-4804

By:   /s/ Averie Maldonado

**AVERIE MALDONADO**
State Bar No. 24092751
E-mail: amaldonado@brylaklaw.com
*Attorney for Plaintiff.*

*PLAINTIFF HEREBY DEMANDS A JURY TRIAL*